IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| AMY BRAILER, LAUREN BROWN, and KASEY DOLCH | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:17-cv-01391-JFM |
| | ) | |
| CLEARCOMM BAWA, INC., CLEARCOMM, INC., YOUSEF SIHWEIL and SAWSAN SIHWEIL | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO COLLECTIVE ACTION COMPLAINT FOR WAGES OWED

Defendants Clearcomm BaWa, Inc., Clearcomm, Inc., Yousef Sihweil and Sawsan Sihweil ("Defendants"), by and through their undersigned attorneys, hereby respectfully answer the allegations in the Complaint. Except as specifically admitted herein, Defendants deny each and every allegation in the Complaint.

The unnumbered introductory paragraph purports to summarize Plaintiffs' claims and the class that Plaintiffs seek to represent, and contains conclusions of law to which a response is not required. To the extent that the unnumbered paragraph contains factual allegations requiring a response, Defendants deny the allegations of this paragraph.

The INTRODUCTION AND BACKGROUND section of the Complaint fails to comply with Fed. R. Civ. P. 8(d)(1) and 10(b). To the extent that section states conclusions of law, no response is required.

THE PARTIES

1.     Defendants admit only that Plaintiff is an adult individual.  Defendants lack knowledge or information sufficient to form a belief about Brailer's residency.

2.     Defendants admit only that Plaintiff is an adult individual.  Defendants lack knowledge or information sufficient to form a belief about Brown's residency.

3.     Defendants admit only that Plaintiff is an adult individual.  Defendants lack knowledge or information sufficient to form a belief about Dolch's residency.

4.     Admitted.

5.     Denied as stated.  Defendants admit only that Clearcomm BaWa's business is selling wireless phones, wireless service plans and wireless phone accessories.

6.     Denied.

7.     Denied.

8.     Admitted.

9.     Denied.  The term "practices" is vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied and strict proof thereof is demanded.

10.     Admitted.

11.     Denied as stated.  Defendants admit only that Y. Sihweil is the sole owner of Clearcomm BaWa.

12.     Denied.  The phrases "heavily involved" and "Clearcomm chain" are vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied and strict proof thereof is demanded.

13.     Denied.

14.     Denied.

15.     Denied as stated.  Defendants admit only that Y. Sihweil is the sole owner of

Clearcomm BaWa.

16.     Admitted.

17.     Denied.

18.     Denied.  The phrases "heavily involved" and "Clearcomm chain" are vague and

Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph and, therefore, they are denied and strict proof thereof is demanded.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Admitted.

23.     It is admitted only that Clearcomm BaWa maintains stores at the locations

identified in a) through j) and l) through w).  Clearcomm BaWa does not maintain a store at k).

24.     This paragraph contains conclusions of law and legal arguments to which no

responsive pleading is required.

25.     This paragraph contains conclusions of law and legal arguments to which no

responsive pleading is required.  To the extent a response is required, it is admitted that Clearcomm

and Clearcomm BaWa have at all times relevant hereto had gross revenues in excess of $500,000.

26.     This paragraph contains conclusions of law and legal arguments to which no

responsive pleading is required.

27.     This paragraph contains conclusions of law and legal arguments to which no

responsive pleading is required.

28.    Admitted in part.  Brailer commenced employment on November 2, 2016.

29.    Admitted in part.  Brown commenced employment on October 24, 2016.

30.    Admitted in part.  Dolch commenced employment on October 24, 2016.

31.    Denied as stated.  It is admitted only that Plaintiffs performed their duties at Clearcomm BaWa's Cromwell store.

32.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

33.    Denied.  By way of further response, Clearcomm BaWa's District Manager and Market Manager set employee schedules including the schedules of Plaintiffs.  It is denied that there are "similarly situated" persons to Plaintiffs.

34.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, the phrase "actively engaged" is vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied and strict proof thereof is demanded.  Further, it is denied that there are "similarly situated" persons to Plaintiffs.

35.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, Clearcomm BaWa's District Manager and Market Manager determined the work hours of Plaintiffs.  Further, it is denied that there are "similarly situated" persons to Plaintiffs.

36.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  Further, it is denied that there are "similarly situated" persons to Plaintiffs.

4

37.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  Further, it is denied that there are "similarly situated" persons to Plaintiffs.

38.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  Further, it is denied that there are "similarly situated" persons to Plaintiffs.

39.     Denied.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

JURISDICTION AND VENUE

40.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.

41.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.

42.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.

43.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the residency of Plaintiffs.

44.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.

FACTUAL ALLEGATIONS FOR ALL CLAIMS

45.     Denied as stated.  Defendants admit only that Clearcomm BaWa is a retailer that sells wireless phones, wireless service plans and wireless phone accessories.

5

46.     Admitted.

47.     Denied.

48.     The term "variety" is vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. Defendants admit only that Clearcomm BaWa hired individuals to be employees of the business.

49.     Admitted.

50.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, Defendants admit only that Plaintiff Brailer was hired by the Market Manager—Kevin Mayeux—and that she worked for Clearcomm BaWa from November 2, 2016 to January 13, 2017.

51.     Admitted.

52.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, Defendants admit only that Plaintiff Brown was hired by the Market Manager—Kevin Mayeux—and that she worked for Clearcomm BaWa from October 24, 2016 to January 13, 2017.

53.     Admitted.

54.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, Defendants admit only that Plaintiff Dolch was hired by the Market Manager—Kevin Mayeux—and that she worked for Clearcomm BaWa from October 24, 2016 to January 13, 2017.

55.     Admitted.

56.     Denied as stated. It is admitted only that Plaintiffs duties were performed at Clearcomm BaWa's Cromwell store.

57.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, Ostrander was the District Manager not a supervisor at the store.  By way of further response, it is admitted that Ostrander was the superior of the Plaintiffs and that he communicated with them frequently.

58.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, it is denied that Clearcomm is a franchise.  It is further denied that S. Sihweil is an owner and that she was frequently present at the store.  It is admitted only that Y. Sihweil is an owner and was frequently present at the store.

59.     Denied.

60.     Denied in part; admitted in part.  The term "inspections" is vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied and strict proof thereof is demanded.

61.     Denied in part; admitted in part.  The term "audit" is vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied and strict proof thereof is demanded.  By way of further response, Defendants admit only that audits of the inventory at all stores were performed.  Further, it is denied that there are "similarly situated" persons to Plaintiffs.

62.     Denied in part; admitted in part.  The term "inspections" is vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied and strict proof thereof is demanded.  By way of further response, Defendants admit only that store inventory records were reviewed in order to monitor sales and that audits were performed to find any irregularities in sales.  Further, it is denied that there are "similarly situated" persons to Plaintiffs.

7

63.     It is admitted that Plaintiffs' tasks centered on sales of wireless devices, wireless plans and wireless phone accessories.

64.     Admitted.

65.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, it is denied that Defendants had a policy that required employees to encourage customers to purchase more expensive plans. By way of further response, Plaintiffs performed sales work and were aware of the advantage of making more sales.

66.     Admitted.

67.     Denied in part; admitted in part.  It is denied that Plaintiffs were required to attempt to convince customers to purchase the most expensive options available.  By way of further response, Plaintiffs performed sales work and were aware of the advantage of making more sales, and were reminded of such by the Defendants.

68.     Admitted.

69.     Denied in part; admitted in part.  It is admitted only that Plaintiffs were responsible for leading customers through the return process.  The return process is a process developed by Metro PCS and which Clearcomm BaWa, as an authorized dealer, is required to follow.  The remaining allegations in this paragraph are denied.

70.     Denied in part; admitted in part.  It is denied that Plaintiffs had to keep detailed inventory records.  Instead, Plaintiffs were responsible for entering inventory-related information in the POS system.  It is admitted that all store level employees were responsible for this task.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

71.     Denied.  By way of further response, it is denied that there are "similarly situated"

persons to Plaintiffs.

72.     Denied in part; admitted in part. It is admitted that in her capacity as store manager, Plaintiff Dolch had additional responsibilities. Plaintiff Dolch, like all store-level employees, monitored the cash register. The remaining allegations in this paragraph are denied. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

73.     Denied in part; admitted in part. It is denied that Plaintiff Dolch was supposed to hire new employees. It is admitted that Plaintiff Dolch was not permitted to make new hires.

74.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the phrase "limited autonomy" is vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied and strict proof thereof is demanded.

75.     Denied.

76.     Admitted.

77.     Admitted.

78.     Denied in part; admitted in part. It is admitted that the Plaintiffs were paid the same way. It is denied that Plaintiff Dolch was paid a salary at any time.

79.     Admitted.

80.     Admitted.

81.     Denied. The term "manner" is vague and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied and strict proof thereof is demanded.

82.     Admitted.

9

83.     Admitted.

84.     Admitted.

85.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied.

86.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied.

87.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied.

88.     Denied.

89.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied.

90.     Denied.

91.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

92.     Denied in part; admitted in part. It is admitted only that Clearcomm BaWa maintained a time keeping system.

93.     Denied in part; admitted in part. It is denied that Defendants knew that Plaintiffs

consistently worked more than forty (40) hours per week. The remaining allegations in this paragraph are admitted.

94.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied.

95.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied.

96.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied except that Plaintiffs were eligible for commissions under a commission structure implemented by Defendants.

97.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied.

98.    Denied in part; admitted in part. It is denied that Plaintiffs had no control over theft of store inventory. It is admitted all store level employees had advance notice that loss of inventory due to theft was a reason they could be financially responsible to Defendants.

99.    Denied in part; admitted in part. The allegations in this paragraph are denied except that all store level employees had advance notice that shortages from the cash register was a reason they could be financially responsible to Defendants.

100.    Denied. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

101.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied.  In advance of deductions being made, the reasons for the deductions were told to the store-level employees by the District Manager.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

102.    Denied in part; admitted in part.  The allegations in this paragraph are denied except that depending on the circumstances a deduction could be greater than one hundred dollars.

103.    Denied.

104.    Denied.

105.    Denied.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

106.    Denied.

107.    Denied.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

108.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

109.    Denied.

110.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied.

12

111.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied.

112.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied.

113.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied.

114.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied.

115.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

116.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied.

117.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  To the extent a response is required, the allegations in this paragraph are denied.

118.    Denied as stated.  Defendants had knowledge that there were workweeks in which

Plaintiffs recorded more than forty (40) hours.

119.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied.

120.    Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, they are denied and strict proof thereof is demanded. By way of further response, Plaintiffs were fired for misconduct.

121.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied.

122.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

## FLSA COLLECTIVE ACTION ALLEGATIONS

123.    Denied in part; admitted in part. It is admitted only that Plaintiffs Brailer and Brown worked as sales associates and Plaintiff Dolch worked as a store manager. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

124.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied.

125.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this

14

paragraph are denied.

126.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied in part and admitted in part. Defendants had knowledge that there were workweeks in which Plaintiffs recorded more than forty (40) hours. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

127.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied.

128.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

129.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, the allegations in this paragraph are denied. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

130.    Denied. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

131.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

132.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. By way of further response, it is denied that there are "similarly

situated" persons to Plaintiffs.

133.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

134.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

135.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

136.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

137.    It is admitted only that forms are attached to the Complaint.

138.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

139.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

140.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

141.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

<u>CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS</u>

142.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

143.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

144.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. To the extent a response is required, it is admitted only that Defendants operate 22 stores in Maryland. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

145(a) through (f).    These paragraphs contain conclusions of law and legal arguments to which no responsive pleading is required. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

146.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

147.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required. By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

148.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

149.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

## CAUSES OF ACTION AND VIOLATIONS OF LAW

Count I – Violation of the FLSA:

150.    In response to paragraph 150, Defendants hereby incorporate their answers to paragraphs 1-149 inclusive.

151.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

152.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

153.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

154.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

Count II – Violation of the FLSA:

155.   In response to paragraph 155, Defendants hereby incorporate their answers to paragraphs 1-154 inclusive.

156.   This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.

157.   This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

158.   This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

159.   This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

160.   This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

Count III – Violation of the MWHL:

161.   In response to paragraph 161, Defendants hereby incorporate their answers to paragraphs 1-160 inclusive.

162.   This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.

163.   This paragraph contains conclusions of law and legal arguments to which no

responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

164.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

165.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

Count IV – Violation of MWHL:

166.    In response to paragraph 166, Defendants hereby incorporate their answers to paragraphs 1-165 inclusive.

167.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.

168.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

169.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

170.    This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

171.    This paragraph contains conclusions of law and legal arguments to which no

responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

Count V – Violation of the MWPCL:

172.     In response to paragraph 172, Defendants hereby incorporate their answers to paragraphs 1-171 inclusive.

173.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

174.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

175.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.

176.     This paragraph contains conclusions of law and legal arguments to which no responsive pleading is required.  By way of further response, it is denied that there are "similarly situated" persons to Plaintiffs.


WHEREFORE, Defendants further deny that Plaintiffs are entitled to any relief requested in their Prayer for Relief.


## AFFIRMATIVE AND OTHER DEFENSES

1.     Some or all of the Counts in the Complaint fail to state a claim upon which relief

21

can be granted.

2.      Some or all of the claims in the Complaint are barred by the applicable statute(s) of limitations.

3.      The Complaint fails to set forth any valid claims under the FLSA, MWHL and/or MWPCL.

4.      Any claims for relief are subject to appropriate set offs.

5.      The Plaintiffs were exempt from the overtime provisions of the FLSA and MWHL.

6.      The Plaintiffs received all compensation to which they were legally entitled.

7.      The Complaint fails to set forth sufficient facts showing that the individual defendants were employers under the FLSA, MWHL and/or MWPCL and, thus, liable to the Plaintiffs.

8.      The Defendants, at all relevant times, acted properly, in good faith and with reasonable grounds to believe that they were not in violation of the FLSA, MWHL and/or MWPCL.  Accordingly, any liquidated or treble damages should be denied.

9.      The Defendants did not willfully violate the FLSA, and the relief sought by the Plaintiffs is therefore barred in whole or in part by the applicable two-year statute of limitations. Even if the Defendants are found to have willfully violated the FLSA, the relief sought by the Plaintiffs would still be barred in whole or in part by the then-applicable three-year statute of limitations.

10.     The Plaintiffs cannot establish one or more of the prerequisites necessary in order to pursue their claims as a collection action and/or as a class action.

11.     The Plaintiffs are not entitled to the damages alleged in their Complaint because

the damages which they seek, in whole or in part, are not authorized or recoverable by statute, law and/or are warranted in this action.

12.     The Plaintiffs have been paid in full relative to their employment with the Defendants.

13.     The Defendants had subjectively and objectively reasonable grounds for believing that their acts or omissions were not in violation of the FLSA, MWHL and/or MWPCL.

14.      Some or all of the amounts sought by the Plaintiffs may be subject to offset for overpayments and/or unnecessary payments by the Defendants.

15.     The claims are barred, in whole or in part, by the doctrine of unclean hands.

16.     The claims are barred, in whole or in part, by the doctrine of justification.

17.     The claims are barred, in whole or in part, by the doctrine of laches.

18.     The claims are barred, in whole or in part, by the doctrine of waiver and estoppel.

19.     Some or all of the claims lack evidentiary support and/or are frivolous or unwarranted by existing law.

20.     The Plaintiffs are precluded from any recovery because they have not suffered any damages or any legally recognizable injury and/or the damages they seek are speculative and not recoverable as a matter of law.


Defendants' investigation of the matters asserted in the Complaint is continuing, and they reserve their right to modify these defenses, or assert additional or different defenses, as appropriate.

WHEREFORE, after considering this answer and affirmative defenses, Defendants respectfully request that this Court:

A.    Order that Plaintiffs are entitled to no damages;

B.    Deny any request for certification of a collective action;

C.    Deny any request for certification of a class action;

D.    Dismiss this action with prejudice; and

E.    Grant Defendants such other relief as the Court shall deem just and proper.


Dated: July 28, 2017                     Respectfully submitted,


                                         */s/ Maria E. Rodriguez*
                                         Maria E. Rodriguez
                                         (Federal Bar No. 024463)
                                         VENABLE LLP
                                         750 E. Pratt St. Suite 900
                                         Baltimore, MD 21202
                                         410-244-7400
                                         410-244-7742 (fax)
                                         Merodriguez@Venable.com

*Of-counsel*

Peter R. Rosenzweig
Edward T. Butkovitz
Kleinbard LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
Tel: (267) 443-4120
Fax:  (215) 568-0140


                                *Attorney for Defendants*